U.S. ⬦

★ JUN 09 2023 **CV 23 - 4260**

**BROOKLYN OFFICE**

**GUJARATI, J.**

**LEVY, M.J.**

ARTHUR H. LANG
918 East Kennedy Blvd.
Lakewood, NJ 08701
(732) 609-5530
NY Att. Reg. No. 5105408
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------

)

JEST HOLDINGS, LLC.

Plaintiff

v.

IRA RUSSACK, HENRY WEINSTEIN, OCEAN
WOODRUFF DEVELOPMENT CORP., JOSEPH
HARRISON, ESQ., and HSK LAW GROUP,
LLC.

Defendants

) Case No:

)

)

) COMPLAINT

)

)

)

)

)

---------------------------------------

Plaintiff, by way of its attorney, ARTHUR H. LANG, complaining
of the defendants above-named, respectfully shows to this
court and alleges as follows:

## THE PARTIES

1.   JEST HOLDINGS, LLC. ("Plaintiff"), is a New Jersey business
     entity whose principal place of business is 1120 Lexington
     Ave, Lakewood, New Jersey, 08701.

2.   IRA RUSSACK is a domiciliary of New York State whose
     address is 2236 Nostrand Ave, Brooklyn, New York, 11210.

3.   HENRY WEINSTEIN is a domiciliary of New York State whose
     address is 62 William Street, 4th Floor, New York, NY,
     10005.

4.   OCEAN WOODRUFF DEVELOPMENT CORP. (the "Corporation"), is a
     New York business entity whose address is 2236 Nostrand
     Ave, Brooklyn, NY, 11210.

5.   JOSEPH HARRISON, Esq., is a domiciliary of New York State
     and licensed to practice law in New York State, currently
     with HSK Law Group, LLC., whose address is 251 Troy Avenue,
     Brooklyn, New York, 11213. Phone number 203-444-3551, email
     JosephHarrisonEsq@gmail.com

6.   HSK LAW GROUP, LLC., is a New York State limited liability
     company whose address is 251 Troy Avenue, Brooklyn, New
     York, 11213. Phone number 203-444-3551

### JURISDICTION and VENUE

7.   The Courts of the United State States have jurisdiction
     over this matter pursuant to 28 U.S.C. § 1332 because more
     than $75,000 is at stake and the plaintiff and the
     defendants are of diverse citizenship. Plaintiff Jest
     Holdings, LLC., is a New Jersey entity. All of the
     defendants are either entities of New York State or natural
     person citizens of New York State. Defendants Ocean
     Woodruff Development Corp. and HSK Law Group, LLC., are New

York State entities. Ira Russack, Henry Weinstein, Joseph Harrison are natural person citizens of New York State.

8.  The Eastern District of New York is the proper venue pursuant to 28 U.S. Code § 1391 because all defendants are based or reside in Brooklyn, New York.

## **FACTS**

9.  Defendant Ocean Woodruff Development Corp is a New York Business Corporation with 200 shares of outstanding stock. It owns twelve condominiums located at 353 Ocean Avenue in Brooklyn, by information and belief, valued approximately $8 million.

10. In March 2020 Defendant Ira Russack represented to Plaintiff that Russack owned 50% of the Corporation (100 shares) and that Defendant Henry Weinstein owned the other 50%.

11. By information and belief, the Corporation did not issue paper certificates of stock to its two owners.

12. On March 12, 2023, Plaintiff agreed to loan Russack $1.5 million at 12% interest (one percent a month) secured by Russack's shares in the Corporation. Deductions were made for charges and fees, transactional expenses, an interest reserve and prepaid interest.

3

13. Russack thereby assigned his shares in the Corporation to Plaintiff (Exhibit A).

14. Also on March 12, 2020 Russack signed a confession of judgment admitting to the $1.5 million debt. (Exhibit B).

15. Although Russack's signed confession of judgment cannot be summarily enforced pursuant NY CPLR § 3218 because three years have since passed, it is an admission against interest tending to support the facts hereby alleged.

16. Russack signed on behalf of the Corporation that it would "not sell, mortgage, assign, lease, convey, transfer, encumber, pledge, hypothecate or otherwise take any action" in the condominiums owned by the Corporation that would saddle Plaintiff's security interest.  (Exhibit C).

17. Finally, on March 12, 2023 Plaintiff and Russack entered into an options Agreement ("Agreement") in which Russack initially paid $45,000, equivalent to 3% of $1.5 million, with the option to buy back his shares in the Corporation for $1.5 million by a closing date three months later on June 15, 2020. (Exhibit D).

18. The Agreement gave Russack the option to extend the closing date to buy back his shares in the Corporation for up to nine months after initial June 15, 2020 closing date by

4

paying Plaintiff $15,000 a month for the extension. This amount is equivalent to 1% of $1.5 million a month.

19. The parties agreed that Russack would lose his right to reclaim his shares in the Corporation if he failed to pay $1.5 million on the agreed closing date unless the closing date was extended pursuant to the terms of the Agreement.

20. If Russack failed to tender $1.5 million on the closing date Plaintiff would then have the option to cancel the "Agreement and apply all monies deposited [t]hereunder towards payment of liquidated damages." (Id. ¶ 5).

21. Russack agreed "to indemnify and hold Seller harmless from and against any and all liability . . . including reasonable legal and accounting fees and expenses . . . arising out of Purchaser's default with respect to any other matter or thing herein assumed by Purchaser;" (Id. ¶ 9).

22. After securing the original $1.5 million loan by way of Russack's assignment of his shares in the Corporation to Plaintiff, Plaintiff wired Russack the first $600,000 on the next day, March 13, 2020.

23. On March 17, 2020, Joseph Harrison, Esq., of HSK Law Group, opined that the Assignor, Russack, "can be relied on by"

Plaintiff and that the said "Assignor is the sole owner of fifty (50%) of the shares in the Company." (Exhibit E).

24. Plaintiff subsequently wired Russack another $625,000 on March 19, 2020.

25. Discovery will determine if when Harrison represented to Plaintiff that Russack owned half of the shares in the Corporation Harrison was aware of the terms of the Agreement that Plaintiff was indemnified for attorney fees and other costs.

26. Finally, Plaintiff wired Russack $22,000 on March 23, 2020.

27. After Russack exhausted the maximum number of monthly extensions of the closing date to buy back his shares in the Corporation, the parties on March 15, 2021 amended the agreement to increase the purchase price to $1,605,000 for Russack to buy back his shares and gave Russack the option to further extend the closing date one month at a time for another year until March 15, 2022, as long as Russack paid Plaintiff $15,000 a month. (Exhibit F).

28. On March 15, 2022, the parties again amended their agreement again, giving Russack the option to extend the closing date one month at a time for another six months by paying Plaintiff $17,500 a month and after those six months Russack would have the option to extend the closing by

6

another six months if he paid Plaintiff $20,000 a month.
(Exhibit G).

29.   On May 2, 2022, Plaintiff demanded access to the
Corporation's financial documents. (Exhibit H).

30.   On July 11, 2022, Defendant Henry Weinstein, by way of
his attorney, Andrew Freidman, Esq., claimed that Russack
no longer owned any part of the Corporation at the time
he assigned his shares to Plaintiff on March 12, 2020.
(Exhibit I).

31.   At no time before July 11, 2022, was Plaintiff's owner
made aware that Russack allegedly did not own half of the
Corporation.

32.   Russack's last monthly payment to extend the closing date
was on November 11, 2022. Thereafter he did not tender to
Plaintiff the purchase price and defaulted on the
Agreement losing his right to buy back his shares.

33.   Discovery will determine whether Russack and Joseph
Harrison, Esq., misrepresented Russack's ownership in the
Corporation and if Russack further misrepresented that he
had authority to execute an agreement or declaration on
behalf of the Corporation.

34.   Hence, Plaintiff, at this time before discovery, pleads in
the alternative. Either Russack and Harrison falsely

represented that Russack owned half of the Corporation to secure a $1.5 million loan by assigning those shares to Plaintiff or if Weinstein is unlawfully holding Plaintiff's shares and keeping the profits thereof.

AS TO DEFENDANTS RUSSACK AND HARRISON:

<u>Count I-Breach of Contract</u>

35. Plaintiff repeats and realleges each and every allegation stated and contained in the above paragraphs as if the same were set forth fully and in their entirety herein.

36. Defendant Ira Russack, for valuable consideration, assigned his 50% ownership shares of Woodruff Development Corp. to Plaintiff on March 12, 2020.

37. Plaintiff and Russack subsequently entered into an Agreement giving Russack the option to repurchase his shares by an agreed closing date or to extend the closing date for a limited amount of months, after which the option would be withdrawn.

38. The recitals to the Agreement acknowledge the Assignment of Russack's shares to Plaintiff and described the Corporation as the owner of twelve condominium units "set forth on Exhibit 'A' attached hereto and made a part hereof."

39. By information and belief, the condominiums units are worth approximately $8 million; Russack's share was worth approximately $4 million.

40. Russack did not comply with the terms of the Agreement to buy back his shares that he originally assigned to Plaintiff for valuable consideration. The option to buy back his shares became null and void.

41. Russack breached contract by not assigning his 50% share the Corporation to Plaintiff.

42. Russack falsely represented in the Agreement that he performed the assignment.

43. Plaintiff's expectation was to become owner of 50% of the Corporation worth approximately $8 million had Russack not breached the contract to assign his shares to Plaintiff.

44. Russack is liable to Plaintiff for $4 million in damages, the value of the Corporation, and profits, for breach of contract, or an amount the Court determines to be just, and for all Plaintiff's expenses, including attorney fees, associated with this litigation pursuant to the Agreement.

### Count II — Fraud

45. Plaintiff repeats and realleges each and every allegation stated and contained in the above paragraphs as if the same were set forth fully and in their entirety herein.

46. Defendant Ira Russack intentionally and falsely represented that he owned 50% of Woodruff Development Corp. in order to induce Plaintiff into lending him $1.5 million.

47. Defendant Joseph Harrison, Esq., on behalf of Russack, falsely represented that Russack owned 50% of the Corporation.

48. Russack intentionally and falsely represented himself, without authority, as an officer of Woodruff Development Corp. to bind the Corporation to a Declaration of Restrictions preventing it from selling any of its twelve property assets.

49. The alleged fraud was discovered on July 11, 2022 when Defendant Woodruff Development Corp., by way of its attorney Andrew Freidman, Esq., represented that Russack had previously assigned his half of the Corporation to Defendant Henry Weinstein on March 10, 2018 and had no remaining interest in Woodruff Development Corp. on March 12, 2020 when Russack assigned it to Plaintiff.

50. Plaintiff reasonably relied upon Russack's representation that he owned half of the Corporation before delivering Russak $1.5 million and entering into the Agreement.

51. Plaintiff reasonably relied upon Russack's representation that he had the authority to restrict the Corporation from

selling its assets before delivering Russak $1.5 million and entering into the Agreement.

52. Plaintiff has been injured as a result of its reliance upon Russack because it has been deprived of $1.5 million and interest.

53. Plaintiff has been injured as a result of its reliance upon Russack because it has not received the shares of the Corporation that Russack assigned to it valued approximately $4 million and profits.

## Count III-Promissory Estoppel/Detrimental Reliance

54. Plaintiff repeats and realleges each and every allegation stated and contained in the above paragraphs as if the same were set forth fully and in their entirety herein.

55. Defendant Ira Russack unambiguously represented to Plaintiff that he owned 50% of Woodruff Development Corp.

56. Plaintiff forwarded Russack $1.5 million because he reasonably relied upon the validity of Russack's assignment of his 50% share in Woodruff Development Corp. as security.

57. Defendant Joseph Harrison, Esq., on behalf of Russack, represented that Russack owned 50% of Woodruff Development Corp.

58. Russack brought Woodruff Development Corp. into a contract
    binding it to a Declaration of Restriction promising that
    the Corporation would not sell any of its twelve property
    assets in which he assigned his shares to Plaintiff.

59. Plaintiff has been injured as a result of its reliance upon
    Russack because it has been deprived of $1.5 million and
    interest.

60. Plaintiff has been injured as a result of its reliance upon
    Russack because it has not received the shares of the
    Corporation that Russack assigned to it valued
    approximately $4 million and profits.

Count IV-Breach of Fiduciary Duty

61. Plaintiff repeats and realleges each and every allegation
    stated and contained in the above paragraphs as if the same
    were set forth fully and in their entirety herein.

62. Plaintiff became a shareholder in the Corporation when
    Russack assigned his shares to Plaintiff.

63. Russack owed Plaintiff a fiduciary duty because he
    represented himself as the owner and an officer of the
    Corporation.

64. Russack continued to represent himself as an officer and
    fiduciary when he agreed by legal instrument on behalf of

12

the Corporation to restrict it from transferring any of the twelve condominiums.

65. Russack breached his fiduciary duty because his representation was false. He did not own 50% of the Corporation

66. Defendant Joseph Harrison, Esq., in a letter dated March 17, 2020, opined to Plaintiff that Russack owned 50% of the shares in the Corporation. Harrison misrepresented Russack's ownership.

67. Plaintiff has been injured as a result of the misconduct of Russack and Harrison because it has been deprived of $1.5 million and interest.

68. Plaintiff has been injured as a result of the misconduct of Russack and Harrison because it has not received the shares of the Corporation that Russack assigned to it valued approximately $4 million and profits.

Count V — Unjust Enrichment

69. Plaintiff repeats and realleges each and every allegation stated and contained in the above paragraphs as if the same were set forth fully and in their entirety herein.

70. Defendant Russack benefited by receiving $1.5 million, including transaction fees, for his own use from Plaintiff.

13

71. Russack misrepresented his shares in the Corporation when
    he assigned his shares to Plaintiff secure the $1.5
    million.

72. Russack has not paid back the $1.5 million that he received
    from Plaintiff.

73. Equity and good conscience requires Russack to make
    restitution to Plaintiff.


AS TO DEFENDANT HENRY WEINSTEIN AND OCEAN WOODRUFF
CORPORATION:

### Count VI — Conversion

74. Plaintiff repeats and realleges each and every allegation
    stated and contained in the above paragraphs as if the same
    were set forth fully and in their entirety herein.

75. Plaintiff Jest Holdings, by way of assignment, owns half
    of the Corporation and is entitled to half of its
    profits.

76. On May 2, 2022, Plaintiff demanded that Weinstein and the
    Corporation disclose the corporate balance sheet and profit
    and loss statements in order to ascertain Plaintiff's
    shares and profits.

77. On July 11, 2022, Defendant Henry Weinstein and the
    Corporation, by way of their attorney Andrew Freidman,

Esq., denied Plaintiff's demand. He maintained that Plaintiff did not have any shares in the Corporation because Russack had previously assigned them to Weinstein.

78. Defendant Henry Weinstein and the Corporation are in possession of the shares that Russack assigned to Plaintiff and the profits.

79. Discovery will determine whether Weinstein and the Corporation are wrongfully withholding and denying Plaintiff's share of stock and profits.

80. Weinstein and the Corporation are thereby liable for damages to Plaintiff due to conversion of Plaintiff's shares and profit.

<u>Count VII-Declaratory Judgment Pursuant to N.Y. CPLR</u>
<u>3001/ 28 U.S.C. §§ 2201-2202</u>

81. Plaintiff repeats and realleges each and every allegation stated and contained in the above paragraphs as if the same were set forth fully and in their entirety herein.

82. Plaintiff Jest Holdings by way of assignment owns half the shares in the Corporation and is entitled to half of its profits.

83. The Defendant Corporation and Defendant Henry Weinstein deny Plaintiff's ownership of any shares in the Corporation.

84.   Plaintiff respectfully request declaratory judgment that it owns 50% of outstanding shares in the Corporation.

**WHEREFORE, Plaintiff Jest Holdings demands judgment against Defendants as follows:**

1) **ON COUNT ONE,** breach of contract, against defendant Ira Russack:

a) That judgment be rendered against Russack that he is liable to Plaintiff for damages it sustained of $4,000,000, or an amount the Court considers just, and for profits, because Russack failed to perform his obligation under contract to assign his 50% share of the Corporation to Plaintiff.

b) That the Plaintiff recovers from Russack reasonable and adequate attorney's fees and disbursements as agreed;

c) Further relief as this Court may seem just and proper.

1) **ON COUNT TWO,** fraud, against defendant Ira Russack:

a) That judgment be rendered against Russack that he is liable to Plaintiff for damages it sustained of $4,000,000, or an amount the Court considers just, and for profits, or in the alternative, for $1,500,000 with

16

interest, for fraudulently representing his ownership of the Corporation and its assignment to Plaintiff.

b) That Plaintiff recovers from Russack reasonable and adequate attorney's fees and disbursements as agreed and pursuant to statute;

c) That Plaintiff recovers of Russack exemplary and punitive damages in the amount as may be requested at trial or granted by the Court; and

d) Further relief as this Court may seem just and proper.

3) **ON COUNT THREE**, Promissory Estoppel/Detrimental Reliance, against defendants Russack and Harrison:

a) That judgment be rendered against defendants Russack and Harrison that they are liable to Plaintiff for damages it sustained of $4,000,000, or an amount the Court considers just, and profits, or in the alternative, for $1,500,000 with interest, jointly and severely, for causing Plaintiff to rely upon their representations,

b) That Plaintiff recover from the Defendants, jointly and severally, reasonable and adequate attorney's fees and disbursements as agreed; and

d) Further relief as this Court may seem just and proper.

17

4) **ON COUNT FOUR**, Breach of Fiduciary Duty, against defendants Russack and Harrison:

a) That judgment be rendered against defendants Russack and Harrison that they are liable to Plaintiff for damages it sustained of $4,000,000, or an amount the Court considers just, and profits, or in the alternative, for $1,500,000 with interest, jointly and severely, for breach of fiduciary duty.

b) That Plaintiff recover from the Defendants, jointly and severally, reasonable and adequate attorney's fees and disbursements as agreed and pursuant to statute;

c) That Plaintiff recover from the Defendants, jointly and severally, exemplary and punitive damages in the amount as may be requested at trial or granted by the Court; and

d) Further relief as this Court may seem just and proper.

4) **ON COUNT FIVE**, Unjust Enrichment, against defendant Russack:

a) That judgment be rendered against defendant Russack that he is liable to Plaintiff for $1,500,000 with interest for the $1.5 million Plaintiff tendered Russack

for the assignment of his shares in the Corporation that were never delivered.

b) That Plaintiff recovers from Russack reasonable and adequate attorney's fees and disbursements as agreed;

c) That Plaintiff recovers of Russack exemplary and punitive damages in the amount as may be requested at trial or granted by the Court; and

d) Further relief as to this Court may seem just and proper.

**ON COUNT SIX,** Conversion, against defendants Weinstein and the Corporation:

a) That judgment be rendered against defendants Weinstein and Woodruff Development Corporation, that they are liable to Plaintiff for $4,000,000, or an amount the Court considers just, with profits, for conversion of Plaintiff's shares in the Corporation assigned to it by Russack.

b) That Plaintiff recover of the Defendants, jointly and severally, attorney fees if available, and for exemplary and punitive damages in the amount as may be requested at trial or granted by the Court; and

c) Further relief as to this Court may seem just and proper.

**ON COUNT SEVEN**, Declaratory Judgment:

a) That the Court renders a Declaratory Judgment that Plaintiff Jest Holdings owns half the shares in the Corporation and is entitled to half of its profits.

b) That Plaintiff recovers of the Defendants, jointly and severally, attorney fees if available, and for exemplary and punitive damages in the amount as may be requested at trial or granted by the Court; and

c) Further relief as to this Court may seem just and proper.

**DESIGNATION OF TRIAL COUNSEL**

The Court is advised that Arthur H. Lang, Esq. is hereby designated as trial counsel.

Arthur H. Lang
Attorney for Plaintiff
NY Att. Reg. No. 5105408
918 East Kennedy Blvd.
Lakewood, NJ 08701
732-609-5530
lakewoodlaw@gmail.com
Dated: June 6, 2023

**CERTIFICATION**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint:

(1) Is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) Is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law;

(3) The factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) The complaint otherwise complies with the requirements of Rule 11.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: June 6, 2023

Arthur H. Lang
Attorney for Plaintiff
NY Att. Reg. No. 5105408
918 East Kennedy Blvd.
Lakewood, NJ 08701
732-609-5530
lakewoodlaw@gmail.com

21