UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEST HOLDINGS, LLC,<br><br>                  Plaintiff,<br><br>  -against-<br><br>IRA RUSSACK, HENRY WEINSTEIN, OCEAN WOODRUFF DEVELOPMENT CORP., JOSEPH HARRISON, ESQ., and HSK LAW GROUP, LLC,<br><br>                  Defendants. | Case No. 23-cv-04260-DG-RML |

### **DEFENDANTS RUSSACK, HARRISON, AND HSK LAW GROUP, LLC'S ANSWER WITH AFFIRMATIVE AND OTHER DEFENSES**

Defendants Ira Russack, Joseph Harrison, and HSK Law Group, LLC ("HSK Law," and collectively, "Answering Defendants"), by and through undersigned counsel, hereby answer the Amended Complaint filed by Plaintiff Jest Holdings, LLC as follows:

### **THE PARTIES**

1. Answering Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 1 of the Complaint.

2. Answering Defendants deny the allegations in Paragraph 2 of the Complaint.

3. Answering Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 3 of the Complaint.

4. Answering Defendants admit the allegations in Paragraph 4 of the Complaint.

5. Answering Defendants deny the allegations in Paragraph 5 of the Complaint.

6. Answering Defendants deny the allegations in Paragraph 6 of the Complaint.

### **JURISDICTION AND VENUE**

7. Answering Defendants state that Paragraph 7 of the Complaint purports to set forth legal argument and/or legal conclusions to which no response is required.

1

8. Answering Defendants state that Paragraph 8 of the Complaint purports to set forth legal argument and/or legal conclusions to which no response is required.

# FACTS

9. Answering Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 9 of the Complaint.

10. Answering Defendants admit the allegations contained in Paragraph 10 of the Complaint.

11. Answering Defendants admit the allegations contained in Paragraph 11 of the Complaint.

12. Answering Defendants state that Paragraph 12 refers to a document that speaks for itself, and respectfully refer the Court to the document for its terms and import.

13. Answering Defendants state that Paragraph 13 refers to a document that speaks for itself, and respectfully refer the Court to the document for its terms and import.

14. Answering Defendants state that Paragraph 14 refers to a document that speaks for itself, and respectfully refer the Court to the document for its terms and import.

15. Answering Defendants state that Paragraph 15 of the Complaint purports to set forth legal argument and/or legal conclusions to which no response is required.

16. Answering Defendants state that Paragraph 16 refers to a document that speaks for itself, and respectfully refer the Court to the document for its terms and import.

17. Answering Defendants state that Paragraph 17 refers to a document that speaks for itself, and respectfully refer the Court to the document for its terms and import.

18. Answering Defendants state that Paragraph 18 refers to a document that speaks for itself, and respectfully refer the Court to the document for its terms and import.

19. Answering Defendants state that Paragraph 19 refers to a document that speaks for itself, and respectfully refer the Court to the document for its terms and import.

20. Answering Defendants state that Paragraph 20 refers to a document that speaks for itself, and respectfully refer the Court to the document for its terms and import.

21. Answering Defendants state that Paragraph 21 refers to a document that speaks for itself, and respectfully refer the Court to the document for its terms and import.

22. Answering Defendants state that Paragraph 22 refers to documents that speaks for themselves, and respectfully refer the Court to the documents for their terms and import. Answering Defendants further state that funds were received from Plaintiff, but Answering Defendants lack knowledge or information sufficient to admit or deny the specific details alleged in Paragraph 22 of the Complaint.

23. Answering Defendants state that Paragraph 23 refers to a document that speaks for itself, and respectfully refer the Court to the document for its terms and import.

24. Answering Defendants state that funds were received from Plaintiff, but Answering Defendants lack knowledge or information sufficient to admit or deny the specific details alleged in Paragraph 24 of the Complaint.

25. Answering Defendants admit the allegations in Paragraph 25 of the Complaint.

26. Answering Defendants deny the allegations in Paragraph 26 of the Complaint.

27. Answering Defendants deny the allegations in Paragraph 27 of the Complaint.

28. Answering Defendants state that funds were received from Plaintiff, but Answering Defendants lack knowledge or information sufficient to admit or deny the specific details alleged in Paragraph 28 of the Complaint.

29. Answering Defendants state that Paragraph 29 of the Complaint refers to a document, and respectfully refer the Court to the document for its complete terms and import.

30. Answering Defendants state that Paragraph 30 of the Complaint refers to a document, and respectfully refer the Court to the document for its complete terms and import.

31. Answering Defendants state that Paragraph 31 of the Complaint refers to a document, and respectfully refer the Court to the document for its complete terms and import.

32. Answering Defendants admit the allegations in Paragraph 32 of the Complaint upon information and belief.

33. Answering Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Answering Defendants state that Paragraph 34 of the Complaint refers to a document, and respectfully refer the Court to the document for its complete terms and import.

35. Answering Defendants state that Paragraph 35 of the Complaint refers to a document, and respectfully refer the Court to the document for its complete terms and import.

36. Answering Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 36 of the Complaint.

37. Answering Defendants state that Paragraph 37 of the Complaint purports to set forth legal argument and/or legal conclusions to which no response is required.

38. Answering Defendants state that Paragraph 38 of the Complaint purports to set forth legal argument and/or legal conclusions to which no response is required.

39. Answering Defendants state that Paragraph 39 of the Complaint purports to set forth legal argument and/or legal conclusions to which no response is required.

## COUNT I – Breach of Contract
### (As to Defendant Russack)

40. Count I does not pertain to HSK Law or Harrison, and therefore no response is required or offered on behalf of those Defendants. Defendant Russack repeats and realleges each and every one of the foregoing responses as if fully set forth hereat.

41. Count I does not pertain to HSK Law or Harrison, and therefore no response is required or offered on behalf of those Defendants. Defendant Russack states that Paragraph 41 of the Complaint refers to a document, and respectfully refers the Court to the document for its complete terms and import.

42. Count I does not pertain to HSK Law or Harrison, and therefore no response is required or offered on behalf of those Defendants. Defendant Russack states that Paragraph 42 of the Complaint refers to a document, and respectfully refers the Court to the document for its complete terms and import.

43. Count I does not pertain to HSK Law or Harrison, and therefore no response is required or offered on behalf of those Defendants. Defendant Russack states that Paragraph 43 of the Complaint refers to a document, and respectfully refers the Court to the document for its complete terms and import.

44. Count I does not pertain to HSK Law or Harrison, and therefore no response is required or offered on behalf of those Defendants. Defendant Russack lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 44 of the Complaint.

45. Count I does not pertain to HSK Law or Harrison, and therefore no response is required or offered on behalf of those Defendants. Defendant Russack states that Paragraph 45 of the Complaint purports to set forth legal argument and/or legal conclusions to which no response is required.

46. Count I does not pertain to HSK Law or Harrison, and therefore no response is required or offered on behalf of those Defendants. Defendant Russack states that Paragraph 46 of the Complaint refers to a document, and respectfully refers the Court to the document for its complete terms and import.

47. Count I does not pertain to HSK Law or Harrison, and therefore no response is required or offered on behalf of those Defendants. Defendant Russack lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 47 of the Complaint.

48. Count I does not pertain to HSK Law or Harrison, and therefore no response is required or offered on behalf of those Defendants. Defendant Russack denies the allegations set forth in Paragraph 48.

**Count II – Fraud**
**(As to Defendant Russack)**

49. Count II does not pertain to HSK Law or Harrison, and therefore no response is required or offered on behalf of those Defendants. Defendant Russack repeats and realleges each and every one of the foregoing responses as if fully set forth hereat.

50. Count II does not pertain to HSK Law or Harrison, and therefore no response is required or offered on behalf of those Defendants. Defendant Russack denies the allegations set forth in Paragraph 50.

51. Count II does not pertain to HSK Law or Harrison, and therefore no response is required or offered on behalf of those Defendants. Defendant Russack denies the allegations set forth in Paragraph 51.

52. Count II does not pertain to HSK Law or Harrison, and therefore no response is required or offered on behalf of those Defendants. Defendant Russack denies the allegations set forth in Paragraph 52.

53. Count II does not pertain to HSK Law or Harrison, and therefore no response is required or offered on behalf of those Defendants. Defendant Russack denies the allegations set forth in Paragraph 53.

54. Count II does not pertain to HSK Law or Harrison, and therefore no response is required or offered on behalf of those Defendants. Defendant Russack denies the allegations set forth in Paragraph 54.

55. Count II does not pertain to HSK Law or Harrison, and therefore no response is required or offered on behalf of those Defendants. Defendant Russack denies the allegations set forth in Paragraph 55.

56. Count II does not pertain to HSK Law or Harrison, and therefore no response is required or offered on behalf of those Defendants. Defendant Russack denies the allegations set forth in Paragraph 56.

57. Count II does not pertain to HSK Law or Harrison, and therefore no response is required or offered on behalf of those Defendants. Defendant Russack denies the allegations set forth in Paragraph 57.

58. Count II does not pertain to HSK Law or Harrison, and therefore no response is required or offered on behalf of those Defendants. Defendant Russack denies the allegations set forth in Paragraph 58.

59. Count II does not pertain to HSK Law or Harrison, and therefore no response is required or offered on behalf of those Defendants. Defendant Russack denies the allegations set forth in Paragraph 59.

60. Count II does not pertain to HSK Law or Harrison, and therefore no response is required or offered on behalf of those Defendants. Defendant Russack denies the allegations set forth in Paragraph 60.

### Count III – Promissory Estoppel/Detrimental Reliance
### (As to Defendants Russack, Harrison, and HSK)

61. Answering Defendants repeat and reallege each and every one of the foregoing responses as if fully set forth hereat.

62. Answering Defendants admit the allegations set forth in Paragraph 62.

63. Answering Defendants admit the allegations set forth in Paragraph 63.

64. Answering Defendants deny the allegations set forth in Paragraph 64.

65. Answering Defendants deny the allegations set forth in Paragraph 65.

66. Answering Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 66 of the Complaint.

67. Answering Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 67 of the Complaint.

68. Answering Defendants deny the allegations set forth in Paragraph 68.

69. Answering Defendants deny the allegations set forth in Paragraph 69.

70. Answering Defendants deny the allegations set forth in Paragraph 70.

71. Answering Defendants deny the allegations set forth in Paragraph 71.

### Count IV – Breach of Fiduciary Duty
### (As to Defendants Russack, Harrison, and HSK)

72. Answering Defendants repeat and reallege each and every one of the foregoing responses as if fully set forth hereat.

73. Answering Defendants deny the allegations set forth in Paragraph 73.

74. Answering Defendants deny the allegations set forth in Paragraph 74.

75. Answering Defendants state that Paragraph 75 refers to a document that speaks for itself, and respectfully refer the Court to the document for its terms and import.

76. Answering Defendants deny the allegations set forth in Paragraph 76.

77. Answering Defendants deny the allegations set forth in Paragraph 77.

78. Answering Defendants deny the allegations set forth in Paragraph 78.

79. Answering Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 79 of the Complaint.

80. Answering Defendants admit the allegations in Paragraph 80 of the Complaint.

81. Answering Defendants state that Paragraph 81 refers to a document that speaks for itself, and respectfully refer the Court to the document for its terms and import.

82. Answering Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 82 of the Complaint.

83. Answering Defendants deny the allegations set forth in Paragraph 83.

84. Answering Defendants deny the allegations set forth in Paragraph 84.

85. Answering Defendants deny the allegations set forth in Paragraph 85.

### Count V –Conversion
### (As to Defendants Weinstein and Ocean Woodruff Corp.)

86. Count V does not pertain to the Answering Defendants, and therefore no response is required or offered on behalf of the Answering Defendants.

87. Count V does not pertain to the Answering Defendants, and therefore no response is required or offered on behalf of the Answering Defendants.

88. Count V does not pertain to the Answering Defendants, and therefore no response is required or offered on behalf of the Answering Defendants.

89. Count V does not pertain to the Answering Defendants, and therefore no response is required or offered on behalf of the Answering Defendants.

90. Count V does not pertain to the Answering Defendants, and therefore no response is required or offered on behalf of the Answering Defendants.

91. Count V does not pertain to the Answering Defendants, and therefore no response is required or offered on behalf of the Answering Defendants.

92. Count V does not pertain to the Answering Defendants, and therefore no response is required or offered on behalf of the Answering Defendants.

**Count VI – Declaratory Judgment Pursuant to NY CPLR 3001/28 U.S.C. 2201-2202**

93. Answering Defendants repeat and reallege each and every one of the foregoing responses as if fully set forth hereat.

94. Answering Defendants deny the allegations set forth in Paragraph 94.

95. Answering Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 95 of the Complaint.

96. Answering Defendants deny the allegations set forth in Paragraph 96.

**AFFIRMATIVE AND OTHER DEFENSES**

In further answer to the Complaint, Answering Defendants assert the following affirmative and other defenses. In asserting these defenses, Answering Defendants do not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

**AS AND FOR A FIRST DEFENSE**

The Complaint fails to state facts sufficient to constitute a cause of action upon which relief may be granted.

**AS AND FOR A SECOND DEFENSE**

The Complaint is barred on the grounds of estoppel, unclean hands and/or waiver.

## AS AND FOR A THIRD DEFENSE

Plaintiff seeks to be unjustly enriched through the Complaint and, as such, the Complaint should be dismissed.

## AS AND FOR A FOURTH DEFENSE

Plaintiff's causes of action should be dismissed to the extent that they are duplicative of each other.

## AS AND FOR A FIFTH DEFENSE

Plaintiff's equitable causes of action as alleged in the Complaint are barred as there are adequate legal remedies available.

## RESERVATION OF RIGHTS

Answering Defendants' investigation of these matters is ongoing, and they reserve the right to amend, supplement, or modify anything contained herein as additional information is uncovered.

## JURY DEMAND

Answering Defendants demand trial by jury on all issues so triable.

**WHEREFORE**, Answering Defendants respectfully request that the Court enter judgment denying the claims set forth against them in the Complaint, and granting to them such other and further relief as the Court deems just and proper.

Dated: September 29, 2023

                **ABRAMS FENSTERMAN, LLP**

                By: */s/ Justin T. Kelton*
                     Justin T. Kelton
                     1 Metrotech Center, Suite 1701
                     Brooklyn, New York 11201
                     Tel.: (718) 215-5300
                     Email: jkelton@abramslaw.com
                     *Attorneys for Defendants Ira Russack, Joseph Harrison, and HSK Law Group, LLC*