# EXHIBIT G



**EXHIBIT**

RUSSACK 2

PROMISSORY NOTE

**$750,000.00**
As of May 10, 2018

Brooklyn, New York

FOR VALUE RECEIVED,

IRA RUSSACK, an individual having an address c/o Levitin & Associates, Suite 1110, New York, New York 10018 (the "Maker"), promises to pay to HENRY WEINSTEIN, an individual, having an address at _37 Maple Ave Calachurs[ NY 11516_ (the "Payee"), to order at Payee's address, or at such other place as may be designated in writing by the holder of this note, the principal sum of **SEVEN HUNDRED FIFTY THOUSAND AND 00/100 ($750,000.00) DOLLARS** (the "Principal Amount") on or before the date which is the earlier of (i) Maker repays the Principal Amount and (ii) the date certain property located at 353 Ocean Avenue, Brooklyn, New York (the "Property") is sold (the earlier of either such date being the "Maturity Date"), upon which the entire Principal Amount and any other amounts accrued hereunder, shall be due and payable. If only a portion of the Property is sold, the amount due to the Payee shall be limited to the amount of net profit due to the Maker in connection with the sale of such portion of the Property, which the balance due upon the sale of any additional unit or units. Alternatively, this Note shall be deemed cancelled and Maker shall not be responsible to repay the Principal Amount to Payee under this Note, if in the event Payee determines on or before the at the end of business of May 22, 2018, that the Principal Amount shall, instead of a loan to Maker, act as an investment towards the purchase of a certain property located at 8111 Gatehouse Road, Merrifield, Virginia. Such notice from the Payee shall be made in writing to the Maker.

IT IS HEREBY EXPRESSLY AGREED, that the said Principal Amount secured by this note shall become due at the option of the holder thereof on the happening of any default or event by which said Principal Amount may or shall become due and payable.

Failure of Payee, for any period of time or on more than one occasion, to declare this Note due and payable upon an event of default shall not constitute a waiver of the right to exercise the same at any time from and after such event of default. Maker agrees to pay all costs and expenses of collection incurred by Payee, in addition to principal and interest, if any (including, without limitation, attorneys' fees and disbursements) and including all costs and expenses incurred in connection with the pursuit by Payee of any of its rights or remedies hereunder or the protection of, or realization of, collateral, or in connection with any of Payee's collection efforts, whether or not any action or proceeding on this Note is filed, all such costs and expenses being payable on demand.

**MAKER REPRESENTS THAT THE FUNDS ARE INTENDED SOLELY FOR BUSINESS, COMMERCIAL OR INVESTMENT PURPOSES AND NOT FOR PERSONAL USE; IT BEING A CONDITION OF THE LOAN AND THIS NOTE THAT MAKER UNDERSTANDS THAT PAYEE WOULD NOT MAKE THE LOAN WITHOUT THE FOREGOING REPRESENTATIONS OF MAKER BEING TRUE AND CORRECT AS OF THE DATE HEREOF AND THROUGHOUT THE TERM OF THE LOAN.**

This Note is subject to the express condition that at no time shall Maker be obligated or required to pay interest on the Principal Amount at a rate which could subject Payee to either civil or criminal liability as a result of being in excess of the maximum interest rate which Maker are permitted by applicable law to contract or agree to pay. If, by the terms of this Note, Maker are at any time required or obligated to pay interest on the Principal Amount at a rate in excess of such maximum rate, the rate of interest shall be deemed to be immediately reduced to such maximum rate and the interest payable shall be computed at such maximum rate and all previous payments in excess of such maximum rate shall be deemed to have been payments in reduction of the principal and not on account of the interest due hereunder. All sums paid or agreed to be paid to Payee for the use, forbearance, or detention of the Principal Amount shall, to the extent permitted by applicable law, be amortized, prorated, allocated and spread throughout the full stated term of this Note until payment in full so that the rate or amount of interest on account of the Principal Amount does not exceed the applicable maximum lawful rate of interest from time to time in effect. This provision shall supersede any inconsistent provision of this Note or any

other loan document.

Presentment for payment, notice of dishonor, protest and notice of protest are hereby waived.

The entire outstanding principal balance (or any portion thereof) may be pre-paid prior to the Maturity Date at any time without penalty.

TIME IS OF THE ESSENCE, with respect to the dates specified herein.

This note may not be changed or terminated orally.

This Note shall be governed, construed and enforced in accordance with the internal laws of the State of New York (without giving effect to any principles of conflicts of law). The invalidity, illegality or unenforceability of any provision of this Note shall not affect or impair the validity, legality or enforceability of the remainder of this Note, and to this end, the provisions of this Note are declared to be severable.



05-10-18

IRA RUSSACK

a21