UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
JEST HOLDINGS, LLC,

Plaintiff,

-against-

IRA RUSSACK, HENRY WEINSTEIN, OCEAN WOODRUFF DEVELOPMENT CORP., JOSEPH HARRISON, ESQ., HSK LAW GROUP, LLC., 5901 WEST AVE PROPERTIES LLC[1],

Defendants.

--------------------------------------------------X

MEMORANDUM
AND ORDER
23 CV 4260 (RML)

LEVY, United States Magistrate Judge:

This case is before me on consent of the parties, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (See Consent to Jurisdiction by U.S. Magistrate Judge, dated Jan. 4, 2024, Dkt. No. 36.) Plaintiff Jest Holdings, LLC ("plaintiff" or "Jest"), a New Jersey limited liability company, commenced this diversity action on June 9, 2023 against defendants Ira Russack, Henry Weinstein, Ocean Woodruff Development Corp., Joseph Harrison, and HSK Law Group, LLC (collectively, "defendants") asserting state law claims for breach of contract, fraud, promissory estoppel, breach of fiduciary duty, conversion, and declaratory judgment. (See Complaint, filed June 9, 2023 ("Compl."), Dkt. No. 1; First Amended Complaint, filed Sept. 15, 2023 ("Am. Compl."), Dkt. No. 23.)

Although defendants have not challenged plaintiff's assertion of diversity jurisdiction in this action, "federal courts have an 'independent obligation to consider the

---

[1] Although this defendant was named in the Amended Complaint and is allegedly the owner of a property at 5901 West Side Avenue, North Bergen, New Jersey (First Amended Complaint, dated June 6, 2023, Dkt. No. 23, ¶ 32), there is no indication on the docket that it was ever served with the Amended Complaint and it has not appeared in this action.

presence or absence of subject matter jurisdiction *sua sponte*.'" In re Tronox., Inc., 855 F.3d 84, 95 (2d Cir. 2017) (quoting Joseph v. Leavitt, 465 F.3d 87, 89 (2d Cir. 2006)). 28 U.S.C. § 1332 requires "complete diversity," meaning that "all plaintiffs must be citizens of states diverse from those of all defendants." Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co., 772 F.3d 111, 118 (2d Cir. 2014). As the proponent of diversity jurisdiction, Jest bears the burden of making a preponderance showing of complete diversity. See Raymond Loubier Irrevocable Tr. v. Loubier, 858 F.3d 719, 725 (2d Cir. 2017). The requirements of section 1332 are analyzed as of the time of the filing of the complaint. Freeport–McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991); OneWest Bank, N.A. v. Melina, 827 F.3d 214, 218 (2d Cir. 2016).

According to the Complaint and the Amended Complaint, Jest is a New Jersey limited liability company whose principal place of business is 1120 Lexington Avenue, Lakewood, New Jersey 08701. (Compl. ¶ 1; Am. Compl. ¶ 1.) HSK Law Group, LLC ("HSK") is a New York State limited liability company whose address is 251 Troy Avenue, Brooklyn, New York 11213. (Compl. ¶ 6; Am. Compl. ¶ 6.) However, "the citizenship of a limited liability company is determined by the citizenship of each of its members." Carter v. HealthPort Techs., LLC, 822 F.3d 47, 60 (2d Cir. 2016); P.C. Richard & Son Long Island Corp. v. Zieta Techs., No. 26 CV 1202, 2026 WL 960470, at *1 (E.D.N.Y. Apr. 8, 2026). An individual's citizenship, for diversity purposes, is determined by his or her domicile. Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000) (citing Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir. 1998)). Domicile means "the place where a person has his true fixed home and principal establishment, and to which whenever he is absent, he has the intention of returning." Linardos, 157 F.3d at 948 (citation modified). "[R]esidence alone is insufficient to establish domicile for jurisdictional

purposes." Van Buskirk v. United Grp. of Cos., Inc., 935 F.3d 49, 54 (2d Cir. 2019). To determine an individual's domicile, courts consider numerous factors, including:

> current residence; voting registration; driver's license and automobile registration; location of brokerage and bank accounts; membership in fraternal organizations, churches, and other associations; places of employment or business; . . . payment of taxes; . . . whether a person owns or rents his place of residence; the nature of the residence (i.e., how permanent the living arrangement appears); . . . [and] the location of a person's physician, lawyer, accountant, dentist, stockbroker, etc.

Ritter v. Rubin, No. 25 CV 2124, 2025 WL 3533277, at *1-2 (E.D.N.Y. Dec. 9, 2025) (quoting Lever v. Lyons, No. 16 CV 5130, 2021 WL 302648, at *7 (E.D.N.Y. Jan. 28, 2021)).

Here, plaintiff fails to identify the members of Jest or of HSK, or to plead their citizenship. (See Compl., Am. Compl.) Therefore, it is impossible for the court to determine if complete diversity exists.

In addition, in their answer to the Amended Complaint,[2] defendants Joseph Harrison and HSK denied that they were domiciled in New York. (See Compl. ¶¶ 5, 6; Am. Compl. ¶¶ 5, 6; Answer to Amended Complaint, dated Sept. 29, 2023, Dkt. No. 24, ¶¶ 5, 6.) Moreover, Mr. Harrison was disbarred in New York on September 2, 2020, more than two years before this case was filed. (See https://law.justia.com/cases/new-york/appellate-division-second-department/2020/2019-11826.html.) His current website, which lists the same phone number as that listed for him in the Complaint and Amended Complaint,[3] lists his office address as 34

[2] These defendants did not answer the complaint before it was amended.
[3] Both the Complaint and Amended Complaint list the phone number for Mr. Harrison and HSK as (203) 444-3551. (See Compl. ¶¶ 5–6; Am. Compl. ¶¶ 5–6.) Area code 203 serves parts of Connecticut.

Gefen Drive, Lakewood, New Jersey 08701. (See https://debtchamp.com/)(last checked Sept. 3, 2026).

Plaintiff is therefore directed to identify all of the members of Jest and HSK and their citizenship, and to provide evidence of Mr. Harrison's citizenship, as of the date the complaint was filed. Failure to establish complete diversity within thirty days of this Memorandum and Order will result in dismissal of this case for lack of subject matter jurisdiction.

SO ORDERED.

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
September 8, 2026